Marc E. Hankin (S.B. No. 170505)
marc@hankinpatentlaw.com
Kevin Schraven (S.B. No. 259446)
**HANKIN PATENT LAW, APC**
6404 Wilshire Boulevard, Suite 1020
Los Angeles, CA 90048-5512
Tel: (323) 944-0206/Fax: (323) 944-0209

**Attorneys for Plaintiff,**
**QC MANUFACTURING, INC.**

James E. Doroshow (S.B. No. 112920)
jdoroshow@foxrothschild.com
**FOX ROTHSCHILD LLP**
1800 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: (310) 228-6990/Fax: (310) 556-9828

**Attorneys for Defendants,**
**AIRSCAPE, INC., HVACQUICK.COM, and**
**NEIL B. SMITH**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QC MANUFACTURING, INC., a California corporation,<br><br>Plaintiff-Counterdefendant,<br><br>vs.<br><br>AIRSCAPE, INC., an Oregon corporation, HVACQUICK.COM, a California corporation, NEIL B. SMITH, an individual and DOES 1-5,<br><br>Defendants-Counterclaimants.<br><br>AND RELATED COUNTERCLAIMS. | CASE No. 10-CV-06153-GW (OPx)<br><br>[Complaint Filed on 8/18/10]<br><br>**STIPULATED PROTECTIVE ORDER RE: DISCOVERY**<br><br>Assigned for all Purposes:<br>Judge George Wu<br>Courtroom: 10<br><br>U.S. Magistrate Judge Oswald Parada<br>Courtroom: 3<br><br>Discovery Cutoff:  August 29, 2011<br>Motion Cutoff:  November 7, 2011<br>Trial Date:  January 24, 2012<br>Complaint Filed:  August 18, 2010 |

**WHEREAS**, Plaintiff-Counterdefendant QC Manufacturing, Inc. ("Plaintiff") and Defendants-Counterclaimants Airscape, Inc., HVACQUICK.COM, and Neil B. Smith (collectively, "Defendants") enter into this Stipulated Protective Order Re:

Discovery with reference to the following facts and representations;

**A.**   This is an action between business competitors.  Plaintiff sued Defendants for Infringement of U.S. Patent No. 7,497,774 ("the '774 patent").

**B.**   The claims, defenses and damages arising from the allegation of patent infringement may require the Parties to disclose their sales information, customer lists, patent prosecution documents, patent valuation documents, communications with third parties, financial information concerning revenue and expenses, and/or other confidential and proprietary information.  The Parties deem such information proprietary and confidential providing them with competitive advantage relative to each other and third parties offering similar or related products and services.  The Parties wish to protect such confidential information from unnecessary disclosure.

**IT IS HEREBY STIPULATED AND AGREED**, by and among Plaintiff and Defendants, and their respective Counsel of Record, subject to the approval of this Honorable Court, as follows:

1.   This Protective Order shall apply only to the Confidential Information defined below contained in documents or testimony that a Party discloses voluntarily or under Court Order.

2.   "Confidential Material" shall mean and refer to information and material constituting or containing sales information, customer lists, patent prosecution documents, patent valuation documents, communications with third parties, financial information concerning revenue and expenses, and/or other confidential and proprietary information of the Parties.

3.   Any Confidential Material or any document or thing containing Confidential Material that a Designating Party wishes to be made subject to this Protective Order shall be marked or labeled as "CONFIDENTIAL INFORMATION" at the time that it is produced or disclosed to the receiving party. Any CONFIDENTIAL INFORMATION produced prior to this Order may be

designated as such upon entry of it.  Any copy made of such Confidential Material shall likewise be marked or labeled as "CONFIDENTIAL INFORMATION."Whenever a Deposition involves the disclosure of Confidential Material, the following procedure shall be implemented:

(a) At the request of the designating party, the Court Reporter shall mark those pages including Confidential Material.  Such request shall be made on the record whenever possible, but any Party may designate portions of the Transcripts of Depositions as containing Confidential Material after transcription, as in the case of any other document or thing, provided that written notice of such designation is given to all other Parties within ten (10) days of receipt of the Transcript.  Following such notice, the Parties shall confer as to the most clear and convenient way to segregate the designated portion(s) of the transcript.  The Parties shall not disseminate any Deposition Transcript or copy thereof beyond the persons identified in Paragraph 7 of this Protective Order for a period of fourteen (14) days after receipt in order to provide sufficient time for notice of designation(s) of Confidential Material.  Notwithstanding the foregoing, Deposition Transcripts or portions thereof may, at any time, be filed under seal with the Court and used in accordance with Paragraph 6 of this Protective Order.

(b) The cover of any Deposition Transcript that contains Confidential Material shall be prominently marked or labeled as "CONFIDENTIAL INFORMATION."  All portions of Deposition Transcripts designated as Confidential Material shall be sealed and may be disseminated only to those persons identified in Paragraph 7 of this Protective Order.

4. Whenever an electronic filing with the Clerk of the Court and/or submission to the Court involves the disclosure of Confidential Material, the Parties will follow the procedures provided in L.R. 79-5.

5. Confidential Material shall be maintained in confidence

according to the terms of this Protective Order, may be disclosed only as provided in Paragraphs 7 and 8, and shall be used only in connection with the preparation, trial, and appeal of this action.

6. Confidential Material may be disclosed to: (a) any employee of the designating party; (b) any former employee of the designating party who was involved with the matters to which the Confidential Material relates or refers; (c) any person or entity who authored or received the Confidential Material prior to its production or disclosure in this action; (d) the Court, its personnel, and the jury in this action; (e) Counsel for the Parties, including their necessary support personnel; (f) persons or entities providing photocopying, imaging, or database services to Counsel for the Parties in connection with this action; (g) Court Reporters and Videographers engaged for Depositions, inspections, and other proceedings in this action; (h) persons or entities engaged by a Party or Counsel for a Party to provide jury or trial consulting services, provided that, prior to receiving Confidential Materials, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order; (i) mock jurors or focus group members, provided that, prior to receiving Confidential Materials, such persons execute an undertaking in the form attached as EXHIBIT B, agreeing to be bound by the terms of this Protective Order; and (j) persons or entities engaged by a Party or Counsel for a Party to prepare graphic or visual aids, or demonstrative exhibits, provided that, prior to receiving Confidential Materials, such persons or entities execute an undertaking in the form attached as EXHIBIT A, agreeing to be bound by the terms of this Protective Order.

7. In addition to those persons identified in Paragraph 7, and subject to the following conditions, Confidential Material may be disclosed to experts and other non-party consultants assisting Counsel with preparation, trial, or appeal of this action:

(a) Before any disclosure of Confidential Material of another Party is made to any expert or non-party consultant pursuant to this provision of the Protective Order, such expert or non-party consultant shall be furnished with a copy of this Protective Order and shall execute a written statement, under oath, in the form attached hereto as EXHIBIT A, acknowledging that the expert or non-party consultant is familiar with the provisions of this Protective Order and agrees to be bound by them.  Each such statement shall be retained by Counsel for the Party engaging the expert or non-party consultant for ninety (90) days after the later of: (a) Settlement and Dismissal of the case; (b) Entry of Final Judgment; or (c) the exhaustion of all appeals in this action.

(b) Before any disclosure of Confidential Material of another Party is made to any expert or non-party consultant pursuant to this provision of the Protective Order, Counsel shall forward to the designating party a copy of the executed statement for each expert or non-party consultant, as well as a copy of the expert or non-party consultant's current curriculum vitae and a list of all of the expert's or non-party consultant's engagements for the preceding four (4) year period, including for each, the name and location of the person or entity who retained the expert or consultant, the nature of the work performed, and, for litigation-related engagements, the caption and jurisdiction for each case.

8. The restrictions and limitations set forth in this Protective Order shall not apply to any of the following:

(a) any information or material that is available to the public at the time of the production or disclosure by the designating party;

(b) any information or material that, after disclosure, becomes available to the public through no act, or failure to act, by or on behalf of the receiving party, its Counsel, or its expert(s) or other non-party consultant(s);

(c) any information or material that the receiving party, its

Counsel, or its expert(s) or consultant(s) can demonstrate: (i) was already known to the receiving party from legitimate sources; (ii) was independently developed or derived by the receiving party; (iii) was obtained from the producing party without having been designated as Confidential Material subject to this Protective Order; or (iv) was produced by a Party in this action, or by a third party, without being designated as Confidential Material, provided the Party or third party so producing such information or material had the right to do so.

9. In the event of any dispute with respect to the designation of information, including testimony and documents, as Confidential Material, the Parties shall attempt to resolve the dispute by good faith negotiation. If such negotiations fail to resolve the dispute, any Party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated as Confidential Material until the issue is resolved by the court or by agreement of the Parties.

10. No Party shall be obligated to challenge a designation of information as Confidential Material within any period of time, and a failure to do so shall not preclude a subsequent challenge to such designation. The burden of proof with respect to a designation of Confidential Material shall rest on the designating party, except that the burden of proving any exception set forth in Paragraph 13 of this Protective Order shall rest on the Party asserting the exception.

11. Inadvertent disclosure of Confidential Material:

(a) If a Party inadvertently discloses any document or thing containing information that it deems Confidential Material without designating it as Confidential Information, the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing, and the receiving party shall thereafter treat the information as Confidential Material under this Order. To the extent such information may have been disclosed to persons other than

persons authorized to receive Confidential Material in this Protective Order, the receiving party shall make reasonable efforts to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

12. Within ninety (90) days after the later of: (a) Settlement and Dismissal of the case; (b) Entry of Final Judgment; or (c) the exhaustion of all appeals in this action, each Party shall return or destroy all documents designated by any other Party as Confidential Material, and all copies thereof, and shall destroy all documents and things containing information based on Confidential Material, except that Counsel for each Party may retain one archival copy of each document and thing designated by any other Party as Confidential Material, and one archival copy of each document and thing containing information based on Confidential Material, for record purposes only.

13. If any Party or person subject to this Protective Order and having possession, custody, or control of any Confidential Material receives from a non-party a *subpoena* or other process to produce such information, such information shall not be produced without prior written consent from the designating party, or unless and until ordered to do so by a court of competent jurisdiction. In addition:

(a) The Party or person receiving the *subpoena* or other process shall promptly notify Counsel of Record for the designating party of the demand for production of the information, and contemporaneously shall provide a copy of the *subpoena* or other process;

(b) The Party or person receiving the *subpoena* or other process shall make an appropriate objection to production of the Confidential Material on grounds that production is precluded by this Protective Order; and

(c) At its sole discretion and expense, the designating party may move against the *subpoena* or other process, or may otherwise oppose entry of an order by a court of competent jurisdiction compelling production of such

Confidential Material. If the designating party fails to move against the *subpoena* or other process within ten (10) days after receiving notice of the *subpoena* or other process in accordance with Paragraph 14(a) of this Protective Order, then the Party or person receiving the *subpoena* or other process may produce the information without violating this Protective Order.

14. Unless otherwise agreed to in writing by the Parties or ordered by the court, all proceedings involving or relating to any Confidential Material shall be subject to the provisions of this Protective Order. Nothing in this Protective Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery materials, or relief from this Protective Order with respect to particular materials designated hereunder.

15. This Protective Order shall not be construed to prevent any Party or third party from applying to the Court for relief therefrom, from applying to the Court for further or additional protective orders, or from agreeing among themselves to modification of this Protective Order, subject to the approval of the Court.

16. This Protective Order shall not bar any attorney herein in the course of rendering advice to a client with respect to this action from conveying to the client his or her evaluation, in a general way, of Confidential Material produced or exchanged herein. In rendering such advice, and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential Material produced by another Party or non-party, unless such disclosure of the specific contents of the Confidential Information is authorized under the terms of this Protective Order.

17. Each of the Parties to this action, and its Counsel of record and other legal representatives, agrees to abide by and be bound by the provisions of this Protective Order, and to use due care to see that its provisions are known by, and

adhered to, by its support staff and others under its supervision or control.

18. The Court retains the right to modify this Protective Order at any time in the interest of justice.

STIPULATED, AGREED, AND PRESENTED ON AUGUST 11, 2011 BY:

| Plaintiff-Counterdefendant QC Manufacturing, Inc. | Defendants-Counterclaimants Airscape, Inc., HVACQUICK.COM, and Neil B. Smith |
|---|---|

/Marc E. Hankin/

| Marc E. Hankin | James E. Doroshow |
| Kevin Shraven | jdoroshow@foxrothschild.com |
| **HANKIN PATENT LAW, APC** | **FOX ROTHSCHILD LLP** |
| 6404 Wilshire Boulevard, Suite 1020 | 1800 Century Park East, Suite 300 |
| Los Angeles, CA 90048-5512 | Los Angeles, CA 90067 |
| Tel: (323) 944-0206 | Tel: (310) 228-6990 |
| Fax: (323) 944-0209 | Fax: (310) 556-9828 |

**IT IS SO ORDERED** this 27th day of September, 2011.

_____
The Honorable Oswald Parada
United States Magistrate Judge

**EXHIBIT A**
**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| QC MANUFACTURING, INC., a California corporation,<br><br>    Plaintiff-Counterdefendant,<br><br>    vs.<br><br>AIRSCAPE, INC., an Oregon corporation, HVACQUICK.COM, a California corporation, NEIL B. SMITH, an individual and DOES 1-5,<br><br>    Defendants-Counterclaimants.<br>AND RELATED COUNTERCLAIMS | Case No. 10-CV-06378-SJO (PJWx)<br><br>**STIPULATED PROTECTIVE ORDER** |

**AGREEMENT OF [*NAME*] TO PROTECT CONFIDENTIAL MATERIAL**

[INSERT NAME], being duly sworn, deposes and states:

1.   I have been requested by Counsel for [INSERT PARTY NAME] to assist Counsel with certain matters in connection with this action, and have been informed that this may require that I review documents and information that have been designated as Confidential Material subject to protection under the terms of the Stipulated Protective Order entered by the Court in this lawsuit.

2.   I have read and understand the Stipulated Protective Order entered by the Court in this lawsuit on [INSERT DATE], and I agree to abide by the terms of that Order.  I agree that I will not disclose and documents or information designated as Confidential Material in violation of the terms of the Stipulated Protective Order, and will not use any such Confidential Material except in connection with my work in this action.

3.   I agree to submit to the jurisdiction of the United States District Court for the District of Central California for enforcement of the undertakings I have made here, and I appoint [INSERT COUNSEL OF RECORD] as my agent to accept service of process in that regard.

_____
[INSERT NAME]

-10-
STIPULATED PROTECTIVE ORDER

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| QC MANUFACTURING, INC., a California corporation, <br><br> Plaintiff-Counterdefendant, <br><br> vs. <br><br> AIRSCAPE, INC., an Oregon corporation, HVACQUICK.COM, a California corporation, NEIL B. SMITH, an individual and DOES 1-5, <br><br> Defendants-Counterclaimants. <br> AND RELATED COUNTERCLAIMS | Case No. 10-CV-06378-SJO (PJWx) <br><br> **STIPULATED PROTECTIVE ORDER** |

## AGREEMENT TO PROTECT CONFIDENTIAL MATERIAL

1. This Agreement is made between [INSERT NAME OF COUNSEL or CONSULTANT] and _____ (NAME OF PARTICIPANT), residing at _____ (ADDRESS OF PARTICIPANT).

2. I understand that, in connection with the research project in which I am participating today, I may receive information that is confidential, and that I may not share or disclose that information with anyone (including members of my family) outside of this research group.

3. I agree not to disclose any information I learn here today to anyone outside of this research group, or to use such information in any way outside of my participation in this research project today.

4. I agree that, at the end of the research project today, I will not keep or take with me any documents or other materials shown to me, or any notes or other records I may make about those documents or other materials shown to me today.

Signed: _____

Dated: _____